IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY MOORE, | No. 4:23-CV-00205 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN HUTCHINSON, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

**MARCH 10, 2023**

On February 6, 2023, Petitioner Corey Moore filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Moore appears to be challenging the execution of his sentence by raising a claim under the First Step Act of 2018.[2]

Moore, however, is confined in the Federal Correctional Institution, McKean (FCI McKean) in Bradford, Pennsylvania.[3] Bradford is located in McKean County, which is situated in the Western District of Pennsylvania.[4] This Court, therefore, has no jurisdiction to entertain Moore's Section 2241 petition.[5] The only

---

[1] Doc. 1.
[2] *See generally id.*
[3] *See id.* at 1.
[4] *See* 28 U.S.C. § 118(c).
[5] *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

proper respondent in this case is Moore's present physical custodian—the warden of FCI McKean—whom Moore properly identifies in his caption.[6]

This Court can either dismiss the instant petition for lack of subject matter jurisdiction or, if in the interest of justice, transfer the petition to the appropriate district court—the United States District Court for the Western District of Pennsylvania.[7] The Court will transfer the instant petition pursuant to Section 1406(a) to the Western District of Pennsylvania, where it should have been filed in the first instance.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Moore's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 shall be **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

2. The Clerk of Court is further directed to CLOSE this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[6] *See id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

[7] *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *cf. In re Nwanze*, 242 F.3d 521, 526 & n.2 (3d Cir. 2001) (finding that transfer of Section 2241 petition to another district where jurisdiction is proper is permitted under 28 U.S.C. § 1404(a)).